# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ISAAC WASHINGTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 2:18-cv-00785-KOB-JHE |
| ) | |
| JEFFERSON DUNN, et al., ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The plaintiff has filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 alleging violations of his rights under the Constitution or laws of the United States. (Doc. 1). The plaintiff names the following defendants in the complaint: Commissioner Jefferson Dunn, Corizon Health, Corizon Dentist John Doe, and W.E. Donaldson Correctional Facility Wardens Leon Bolling and Angela Miree, and Corrections Officers Fox and T. Johnson. (*Id.* at 1-2, 8). The plaintiff seeks monetary damages as well as declaratory and injunctive relief. (*Id.* at 5). In accordance with the usual practices of this court and 28 U.S.C. § 636(b)(1), the complaint was referred to the undersigned magistrate judge for a preliminary report and recommendation. *See McCarthy v. Bronson*, 500 U.S. 136 (1991).

### I. Standard of Review

The Prison Litigation Reform Act, as partially codified at 28 U.S.C. § 1915A, requires this court to screen complaints filed by prisoners against government officers or employees. The court must dismiss the complaint or any portion thereof that it finds frivolous, malicious, seeks monetary damages from a defendant immune from monetary relief, or which does not state a claim upon

which relief can be granted. *Id.* Moreover, the court may *sua sponte* dismiss a prisoner's complaint prior to service. *See* 28 U.S.C. § 1915A(a).

Under § 1915A(b)(1) and § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit or the claim seeks to enforce a legal right that clearly does not exist. *Id*. at 327.

Moreover, a complaint may be dismissed pursuant to 28 U.S.C. § 1915A (b)(1) for failure to state a claim upon which relief may be granted. A review on this ground is governed by the same standards as dismissals for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Jones v. Bock*, 549 U.S. 199, 215 (2007). In order to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'show that the pleader is entitled to relief.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 557 (2007) (alteration incorporated). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Similarly, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. *Jones v. Bock*, 549 U.S. at 215.

*Pro se* pleadings "are held to a less stringent standard than pleadings drafted by attorneys" and are liberally construed. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). However, they still must allege factual allegations that "raise a right to relief above the speculative level." *Saunders v. Duke,* 766 F.3d 1262, 1266 (11th Cir. 2014) (internal quotation marks omitted).

## II. Factual Allegations

In March 2018, the plaintiff requested treatment for tooth pain and later that month, "Corizon Dentist John Doe" determined "his upper left back tooth had to be removed." (Doc. 1 at 9). During the extraction, the plaintiff's tooth broke. (*Id.*). Dentist John Doe informed the plaintiff "that he would have him sent out to a[n] off-site doctor to have the remainder of the broken tooth surgically removed." (*Id.*). In the interim, "Dr. Roth" prescribed the plaintiff antibiotics and pain pills. (*Id.*).

Several weeks passed without the plaintiff being transported to an off-site dentist. (*Id.*). On "several different dates and times" between April 10, 2018 and April 30, 2018, the plaintiff personally requested Warden Bolling transport him to the off-site dentist because the extreme pain was affecting his vision, speech, hearing, walking, and sleep. (*Id.* at 10-11). Bolling always informed the plaintiff "he would get around to it." (*Id.* at 10). The plaintiff made similar requests of Warden Miree and she always stated that "she would check into it." (*Id.*).

On April 15, 2018, the plaintiff placed a medical grievance directed to Corizon in the prison's "infirmary grievance box," "requesting to have the remainder of the broken tooth removed from his gum because it was causing him extreme pain." (*Id.* at 7, 9). On April 17, 2018, he sent Commissioner Dunn a medical complaint requesting Dunn order Corizon Health, Bolling, and Miree to transport him to the off-site dentist for treatment. (*Id.* at 9). Dunn did not respond. (*Id.* at 10). The plaintiff alleges Corizon ignored his written grievance but admits he received a response on April 25, 2018: instructions that he could retrieve his "[B]oost," presumably a liquid food supplement, "at the pill call window." (*Id.* at 7, 9). The plaintiff appealed the grievance response, but has yet to receive a decision. (*Id.* at 7).

On May 2, 2018, the off-site dentist removed the remainder of the plaintiff's tooth. (*Id.* at 10). On May 3, 2018 and May 4, 2018, Officers T. Johnson and Fox prevented the plaintiff from going to the infirmary to take the medication prescribed by the off-site doctor. (*Id.*).

The plaintiff claims that although he personally informed Corizon Health, Dunn, Bolling, and Miree that the pain from his "broken tooth affected his vision, speech, hearing, walking, and sleep," they delayed his transport to the off-site dentist for over thirty days. (*Id.* at 10-11). He further claims defendants Johnson and Fox were deliberately indifferent to his serious medical needs when they refused to allow him to go to the infirmary to take his post-surgical medicine on May 3, 2018 and May 4, 2018. (*Id.* at 11).

### III. Analysis

#### A. Sovereign Immunity

To the extent the plaintiff requests monetary damages against defendants Dunn, Bolling, Miree, Fox, and Johnson in their official capacities, his claims are due to be dismissed. A law "suit against the State [of Alabama] and its [agencies for monetary damages is] barred by the Eleventh Amendment, unless Alabama has consented to the filing of such a suit." *Alabama v. Pugh,* 438 U.S. 781, 782 (1978) (citing *Edelman v. Jordan*, 415 U.S. 651 (1974); *Ford Motor Co. v. Department of Treasury*, 323 U.S. 459 (1945); *Worcester County Trust Co. v. Riley*, 302 U.S. 292 (1937)). No such consent can "be given under Art. I, Sec. 14, of the Alabama Constitution, which provides that 'the State of Alabama shall never be made a defendant in any court of law or equity.'" *Id.*; *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1984). Further, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is not different from a suit against the state itself." *Will v. Michigan Dept. Of State Police*, 491 U.S. 58, 71 (1989) (citation omitted).

Since the Alabama Department of Corrections ("ADOC") is an agency of the State of Alabama, and defendants Dunn, Bolling, Miree, Fox, and Johnson are ADOC employees, to the extent the plaintiff names them as defendants in their official capacities, Eleventh Amendment immunity prohibits the plaintiff's suit for monetary damages.

**B. Eighth Amendment-Deliberate Indifference to Serious Medical Needs**

A violation of the Eighth Amendment occurs when medical treatment is "'so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991) (quoting *Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986)). The conduct of prison officials must run counter to evolving standards of decency or involve the "unnecessary and wanton infliction of pain" to be actionable under § 1983. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976). As such, negligent diagnosis or treatment of a medical condition does not constitute a wrong under the Eighth Amendment. *Id.* at 106. Likewise, a mere difference of opinion between an inmate and the prison medical staff as to treatment or diagnosis will not, alone, give rise to a cause of action under the Eighth Amendment. *Harris*, 941 F.2d at 1505.

To prove an Eighth Amendment violation, "a prisoner must shoulder three burdens." *Goebert v. Lee County*, 510 F.3d 1312, 1326 (11th Cir. 2007) (citing *Hill v. Reg'l Youth Detention Ctr.,* 40 F.3d 1176, 1187 (11th Cir. 1994), *abrogated on other grounds by Hope v. Pelzer*, 536 U.S. 730, 739 (2002)). First, the prisoner must show that he had "an objectively serious medical need." *Pourmoghani-Esfahani v. Gee*, 625 F.3d 1313, 1317 (11th Cir. 2010) (citing *Burnette v. Taylor*, 533 F.3d 1325, 1330 (11th Cir. 2008)). Second, he "must satisfy the subjective component by showing that the prison official acted with deliberate indifference to h[is] serious medical need." *Goebert*, 510 F.3d at 1326 (citing *Bozemun v. Orum*, 422 F.3d 1265, 1272 (11th Cir. 2005 (per

5

curiam), *abrogated on other grounds by Kingsley v. Hendrickson,* ___U.S. __, 135 S. Ct. 2466 (2015)).  Third, the prisoner must establish "causation between that indifference and the plaintiff's injury."  *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306–07 (11th Cir. 2009) (citing *Goebert*, 510 F.3d at 1326).

An objectively "serious medical need is one that is diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would recognize the need for medical treatment."  *Hill*, 40 F.3d at 1191 (internal quotation omitted).  "In either of these situations, '"the medical need must be one that, if left unattended, pos[es] a substantial risk of serious harm."'"  *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003) (quoting *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000) (in turn quoting with alteration *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).  "[T]he medical need of the prisoner need not be life threatening" to be "serious."  *Washington v. Dugger*, 860 F.2d 1018, 1021 (11th Cir. 1988) (citing *Estelle,* 429 U.S. at 291 ("denial of medical care may result in pain and suffering which no one suggests would serve any penological purpose")).

"A plaintiff claiming deliberate indifference to a serious medical need must prove: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence."  *Melton v. Abston,* 841 F.3d 1207, 1223 (11th Cir. 2016) (citing *e.g.*, *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999)).

> Subjective knowledge of the risk requires that the defendant be "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090, 1099–1100 (11th Cir. 2014).  "[I]mputed or collective knowledge cannot serve as the basis for a claim of deliberate indifference.  Each individual defendant must be judged separately and on the basis of what that person kn[ew]."  *Burnette v. Taylor*, 533 F.3d 1325, 1331 (11th Cir. 2008) (citations omitted).

*Dang by & through Dang v. Sheriff, Seminole Cty. Fla.*, 871 F.3d 1272, 1280 (11th Cir. 2017).

"[D]eliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001) (citing *Farmer,* 511 U.S. at 836). "Deliberate indifference may result not only from failure to provide medical care at all, but also from excessive delay: 'Even where medical care is ultimately provided, a prison official may nonetheless act with deliberate indifference by delaying the treatment of serious medical needs.'" *Gee*, 625 F.3d at 1317 (quoting *McElligott*, 182 F.3d at 1255); *see also*, *Melton*, 841 F.3d at 1223 (citing *Waldrop v. Evans*, 871 F.2d 1030, 1036 (11th Cir. 1989) (A defendant who unreasonably fails to respond or refuses to treat an inmate's need for medical care or one who delays necessary treatment without explanation or for non-medical reasons may also exhibit deliberate indifference.). However, "'the reason for the delay and the nature of the medical need is relevant in determining what type of delay is constitutionally intolerable.'" *Farrow v. West*, 320 F.3d 1235, 1246 (11th Cir. 2003) (quoting *McElligott,* 182 F.3d at 1255).

When a "medical condition is so grave" that it "requires. . . immediate medical attention, '[a] few hours' delay in receiving medical care for emergency needs such as broken bones and bleeding cuts may constitute deliberate indifference.'" *Id.* at 1247 (quoting *Harris v. Coweta County*, 21 F.3d 388, 394 (11th Cir. 1994)). "However, '[d]elayed treatment for injuries that are of a lesser degree ... may also give rise to constitutional claims.'" *Id.* (quoting *Harris*, 21 F. 3d at 394).

For example, in *Farrow v. West*, the Eleventh Circuit found the plaintiff's dental condition did not require immediate attention. *Id.* ("Here, the facts do not suggest that Farrow's condition was so grave that some considerable delay in dental treatment would have authorized a finding of deliberate indifference."). Nonetheless, the *Farrow* Court reversed the district court's order granting summary judgment in favor of Dr. West, the defendant dentist, and found that the plaintiff

7

had shown sufficient evidence of an Eighth Amendment claim against Dr. West "given his recognized need for denture treatment, the nature of his continuing problems, the sheer length of the delay involved, and the lack of any reasonable explanation for the inordinate delay in" providing dentures. *Id.*

The following evidence supported the Eleventh Circuit's conclusion: During his first examination of Farrow in October 1999, Dr. West discovered Farrow had only two lower teeth and no upper teeth, and Farrow told West about his pain, significant weight loss, bleeding gums, and soft diet. *Id.* at 1239. Dr. West prescribed complete dentures to treat the condition and took an impression of Farrow's teeth. *Id.* at 1239-1240. In November 1999, Dr. West noted Farrow had lost too much weight when creating a wax bite for the dentures; however, the two argued because Farrow wanted his dentures (not a three week wait for a physical examination concerning his weight loss) and Dr. West had Farrow expelled from his office after telling Farrow he was tired of being bothered with him. *Id.* at 1240, 1248.

For several months, Dr. West refused to meet with Farrow and in July 2000, Dr. West stated he would call Farrow when the dentures arrived. *Id.* at 1240. Between July and November 2000,[1] Farrow repeatedly asked for his dentures and complained about his pain, weight loss, bleeding gums, and self-imposed soft diet, conditions Dr. West knew would continue and could cause "serious health problems" such as malnutrition. *Id.* at 1246-1247. Dr. West disregarded this risk by failing to "complete and deliver" the plaintiff's dentures[2] "until January 2, 2001, almost fifteen months after" he "began the construction process" and without offering any "reasonable

---

[1] On October 31, 2000, West called Farrow "for a wax try-in, the third step" in the denture construction process. *Id.* at 1241.

[2] In December 2000, Farrow filed a civil rights suit against Dr. West and demanded injunctive relief in the form of his dentures. *Id.* at 1241.

explanation for the" "substantial and inordinate delay." *Id*.

### 1. Plaintiff's Objectively Serious Medical Need

The plaintiff has specifically alleged facts to show he had a serious medical need in late March 2018: extraction of his broken left upper tooth. (Doc. 1 at 9). Indeed, Dentist John Doe stated he would have the plaintiff sent to an off-site dentist for the procedure. (*Id.*).

### 2. Deliberate Indifference and Causation

#### a. Corizon Dentist John Doe[3]

To the extent the plaintiff blames Dr. John Doe for breaking his tooth during extraction he has failed to state an Eighth Amendment claim. As stated *supra*, negligent diagnosis or treatment of a medical condition does not constitute a wrong under the Eighth Amendment. *Estelle*, 429 U.S. at 106.

As to the delay in treatment, the plaintiff does not allege Dr. Doe or Dr. Roth deemed the off-site extraction to be an emergency or medically necessary earlier than May 2, 2018. The plaintiff may be attempting to hinge Dr. Doe's alleged deliberate indifference on a failure to declare the matter an emergency or medically necessary earlier than May 2, 2018, but even if he intended to do so, it is well-established that a mere difference of opinion between an inmate and the prison medical staff as to treatment or diagnosis will not, alone, give rise to a cause of action under the Eighth Amendment. *Harris*, 941 F.2d at 1505.

According to the plaintiff's allegations the intolerability of the delay stems not from the

---

[3] "As a general matter, fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). The plaintiff <u>must</u> ascertain the name of each defendant he intends to sue and indicate those names on the complaint form. Nonetheless, because the plaintiff's complaint contains enough facts that discovery would uncover Dr. John Doe's identity, the undersigned does not recommend dismissal of the claim against Dr. John Doe at this juncture. *Dean v. Barber*, 951 F.2d 1210, 1216 (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)).

9

date of the off-site procedure, but from unmanaged extreme pain in the interim. (Doc. 1 at 10). At least initially, the plaintiff's allegations do not plausibly state Dr. Doe knowingly deprived him of care until the off-site extraction. Indeed, the plaintiff admits Dr. Roth prescribed him antibiotics and pain medication. (*Id.* at 9). Therefore, the plaintiff has not alleged any facts suggesting Dr. Doe knew of a substantial risk of infection and pain caused by the fractured tooth, but recklessly failed to abate that risk to the plaintiff's detriment as he awaited the off-site surgical procedure.

The plaintiff began requesting Wardens Bolling and Miree transport him offsite because of extreme pain on April 10, 2018. (*Id.* at 10-11). However, he did not notify anyone in the infirmary of his predicament until April 15, 2018, when he placed a medical grievance in the prison's "infirmary grievance box" requesting extraction of the broken tooth because of extreme pain. (*Id.* at 7, 9).

Some ten days later, on April 25, 2018, the plaintiff received a response to his grievance that instructed him to pick up a liquid food supplement at pill call. (*Id.*). Thus, from April 25, 2018 to May 2, 2018 (17 days), the plaintiff has alleged facts plausibly stating that Dr. John Doe knew he was suffering extreme pain but took no reasonable measures to alleviate that pain. Dr. John Doe should be directed to respond to the plaintiff's Eighth Amendment claim against him.

### b. Corizon Health

The plaintiff names Corizon Health, the corporation providing medical services at the W.E. Donaldson Correctional Facility, as a defendant. While a corporation providing prison medical services may be liable under § 1983 if it is established that the constitutional violation was the result of the corporation's policy or custom, *see Buckner v. Toro*, 116 F.3d 450 (11th Cir. 1997); *Ort v. Pinchback*, 786 F.2d 1105, 1107 (11th Cir. 1986), such a corporation may not be held liable under § 1983 on the basis of respondeat superior, *see Harvey v. Harvey*, 949 F.2d 1127, 1129–30

(11th Cir. 1992); *Monell v. Dep't of Social Serv.*, 436 U.S. 658, 690-694 (1978). The plaintiff alleges no facts suggesting Corizon implemented any policy or custom that deprived him of pain management while awaiting off-site treatment. Accordingly, the claim against Corizon Health is due to be dismissed for failure to state a claim upon which relief can be granted.

### c. Commissioner Dunn

On April 17, 2018, the plaintiff mailed a medical complaint to Dunn, demanding Dunn order Corizon, Bolling, and Miree to transport him off-site for treatment. (Doc. 1 at 10-11). The plaintiff bases his claim on Dunn's status as a supervisor. "[I]t is axiomatic, in section 1983 actions, that liability must be based on something more than a theory of respondeat superior." *H.C. by Hewett v. Jarrard,* 786 F.2d 1080, 1086 (11th Cir.1986) (citing *Monell,* 436 U.S. at 691).

> Supervisory liability under § 1983 occurs "when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation." *Cottone v. Jenne,* 326 F.3d [1352] at 1360 [(11th Cir. 2003)]. . . .
>
> A causal connection may be established when: 1) a "history of widespread abuse" puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he or she fails to do so; 2) a supervisor's custom or policy results in deliberate indifference to constitutional rights; or 3) facts support an inference that the supervisor directed subordinates to act unlawfully or knew that subordinates would act unlawfully and failed to stop them from doing so. *Cottone,* 326 F.3d at 1360.

*Mathews v. Crosby*, 480 F.3d 1265, 1270 (11th Cir. 2007).

As Prison Commissioner, Dunn's responsibilities do not include day-to-day management of a particular prison. Dunn had no personal involvement with the plaintiff's dental care, and the plaintiff's allegations do not plausibly state a claim against Dunn based on any other theory of supervisory liability.

> "Merely 'filing a grievance with a supervisory person does not alone make the supervisor liable for the allegedly violative conduct brought to light by the

grievance, even if the grievance is denied.'" *Nichols v. Burnside*, 2011 WL 2036709 *3 (M.D. Ga. April 21, 2011) (quoting *Owens v. Leavins*, 2006 WL 1313192, at *2 (N.D. Fla. May 12, 2006)). Thus, "[p]rison officials who were not involved in the alleged constitutional violation, and whose only roles involved the denial of administrative grievances or the failure to act, are not liable under § 1983." *O'Connor v. Carnahan*, 2011 WL 1326446 *4 (N.D. Fla. April 6, 2011) (citing *Grinter v. Knight*, 532 F.3d 567 (6th Cir. 2008); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999), *cert. denied* 530 U.S. 1264 (2000)).

*Hooten v. Fowlkes*, No. 5:11-cv-1159 (CAR), 2011 WL 3626644 at *4 (M.D. Ga. June 2, 2011) (parallel citations omitted). Upon consideration of the facts alleged and the applicable supervisory liability standard, the plaintiff has not sufficiently pleaded an Eighth Amendment claim against defendant Dunn.

### d. Wardens Bolling and Miree

Several times between April 10, 2018 and April 30, 2018, the plaintiff informed Wardens Bolling and Miree that the extreme pain from his broken tooth was affecting his vision, speech, hearing, walking, and sleeping, and he needed transport off-site for an extraction. (Doc. 1 at 10). Bolling always told the plaintiff he would "get around to it," and Miree always stated she "would check into it." (*Id.*). Yet, the off-site extraction did not occur until May 2, 2018. (*Id.*). The plaintiff claims Bolling and Miree were deliberately indifferent to his "painful broken tooth" because they "delayed his transfer . . . for over thirty (30) days." (*Id.*).

Since the plaintiff declares April 10, 2018, to be the earliest Wardens Bolling and Miree knew of his predicament, as the delay pertains to them he has pointed to a twenty-two-day delay at most. Further, and as stated *supra*, the plaintiff has not alleged Dr. John Doe (or Dr. Roth) deemed the off-site extraction a medical emergency or even medically necessary earlier than May 2, 2018. Thus, the undersigned cannot plausibly infer that Bolling or Miree delayed the plaintiff's treatment until May 2, 2018. The plaintiff did not notify Bolling or Miree that Dr. John Doe (or any other medical staff) knew about but refused to take any reasonable measures to alleviate his

12

extreme pain, and the plaintiff did not request that either warden intervene on his behalf to get proper pain medication. Accordingly, the plaintiff has failed to state a claim upon which relief can be granted against Wardens Bolling and Miree.

### e. Officers Fox and T. Johnson

The plaintiff alleges that for the two days following the May 2, 2018 tooth extraction, Officers Fox and Johnson prevented him from going to the infirmary to take the medication prescribed by the off-site doctor. (*Id.*). For § 1915A screening purposes, the plaintiff's allegation that he had a prescription medication sufficiently states an objectively serious medical need. Moreover, it can be inferred that Officers Fox and Johnson knew the plaintiff's prescription related to his recent post-surgical dental needs. Even a layperson would know the possible purpose(s) of a prescription in such a situation: to prevent or treat infection, alleviate pain, or both. Yet, for no discernible reason, the officers refused to allow the plaintiff access to the medicine for two days. Presumably, the plaintiff, at minimum, suffered pain without the medication. Accordingly, the plaintiff has stated plausible Eighth Amendment claims against Officers Fox and Johnson, and they should be directed to respond.

### IV. Recommendation

For the reasons stated above, the undersigned **RECOMMENDS** all claims in this action, except the Eighth Amendment claim against Dentist Dr. John Doe[4] and Officers Johnson and Fox for monetary damages, be **DISMISSED WITHOUT PREJUDICE**, pursuant to 28 U.S.C. § 1915A(b)(1), for failing to state a claim upon which relief can be granted. The undersigned

---

[4] The plaintiff is strongly **ADVISED** to discover Dr. John Doe's name and address and file an amendment to his complaint setting out Dr. Doe's proper name and address.

**FURTHER RECOMMENDS** the remaining claims against Dentist Dr. John Doe and Officers Johnson and Fox be **REFERRED** to the undersigned for further proceedings.

### V. Notice of Right to Object

The plaintiff may file specific written objections to this report and recommendation. The plaintiff must file any objections with the Clerk of Court within fourteen (14) calendar days from the date the report and recommendation is entered. Objections should specifically identify all findings of fact and recommendations to which objection is made and the specific basis for objecting. Objections also should specifically identify all claims contained in the complaint that the report and recommendation fails to address. Objections should not contain new allegations, present additional evidence, or repeat legal arguments.

Failing to object to factual and legal conclusions contained in the magistrate judge's findings or recommendations waives the right to challenge on appeal those same conclusions adopted in the district court's order. In the absence of a proper objection, however, the court may review on appeal for plain error the unobjected to factual and legal conclusions if necessary in the interests of justice. 11th Cir. R. 3-1.

On receipt of objections, a United States District Judge will review *de novo* those portions of the report and recommendation to which specific objection is made and may accept, reject, or modify in whole or in part, the undersigned's findings of fact and recommendations. The district judge also may refer this action back to the undersigned with instructions for further proceedings.

The plaintiff may not appeal the magistrate judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. The plaintiff may only appeal from a final judgment entered by a district judge.

DONE this 21st day of May, 2020.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE